**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN HIGGINBOTHAM, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO.**  4:17-CV-00229 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| INDYMAC BANK, F.S.B,  ONEWEST | § | |
| BANK F.S.B.,  OCWEN LOAN | § | |
| SERVICING, L.L.C.,  NATIONSTAR | § | |
| MORTGAGE L.L.C.,  MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC. (MERS), BRETT BAUGH, | | |
| OR ANY TO ACT AS SUBSTITUTE | | |
| TRUSTEE(S); | | |
| | | |
| Defendants. | | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Ocwen Loan Servicing, LLC ("Ocwen") and CIT Bank,

N.A. f/k/a OneWest Bank, N.A. f/k/a OneWest Bank, FSB's ("OneWest") Motion to Dismiss (Dkt.

8), and Defendants Nationstar Mortgage LLC ("Nationstar") and Mortgage Electronic Registration

Systems, Inc.'s ("MERS'") Motion to Dismiss (Dkt. 12). Plaintiff John Higginbotham has failed

to file a timely response. For the reasons explained below, the Court recommends the motions

(Dkts. 8, 12) be **GRANTED**, and Plaintiff's claims be **DISMISSED**.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2004, Plaintiff executed a promissory note (the "Note") in the amount of

$136,000.00. *See* Dkt. 2 at 4-5. Contemporaneously, Plaintiff, with his wife Virginia

Higginbotham, executed a deed of trust (the "Deed of Trust") which secured the Note against the

real property located at 917 Fenimore Drive, Lewisville, Texas 75077 (the "Property"). *See id.*

1

Plaintiff admits to being delinquent on his mortgage since "approximately 2011," and he filed for bankruptcy protection in order to prevent foreclosure. *See id.* at 6-7.

The bankruptcy proceeding was discharged on April 26, 2013. *See id.* at 7. Plaintiff asserts that he reached out to Defendant Ocwen after the bankruptcy case in order to modify his loan. *See id.* On April 18, 2016, Defendant Ocwen assigned Plaintiff's loan to Defendant Nationstar. *See id.* at 6. Additionally, Plaintiff admits he was still delinquent on his loan at this time. *See id.* at 8. Plaintiff contacted Defendant Nationstar and requested information about loss mitigation options, including loan modification. *See id.* However, due to Plaintiff's delinquency, Nationstar posted the Property for foreclosure sale on March 7, 2017. *See id.* at 9.

On March 6, 2017, Plaintiff filed his Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") in state court (Dkt. 2). On April 3, 2017, Defendants Nationstar and MERS properly removed the case to federal court. *See* Dkt. 1. On April 10, 2017, Defendants Ocwen and OneWest filed a motion to dismiss (Dkt. 8). On April 17, 2017, Defendants Nationstar and MERS filed a motion to dismiss (Dkt. 12). The remaining Defendants have not been served.

On April 28, 2017, Plaintiff requested an extension to respond to Defendants Ocwen and OneWest's motion to dismiss (Dkt. 14). The Court granted Plaintiff's motion, and Plaintiff was required to file a response on or before May 12, 2017. *See* Dkt. 15. On May 3, 2017, Plaintiff requested an extension to respond to Defendants Nationstar and MERS' motion to dismiss (Dkt. 16). The Court granted Plaintiff's motion, and Plaintiff was required to file a response on or before May 19, 2017. *See* Dkt. 17. Plaintiff has failed to file a timely response to either motion. Plaintiff's failure to oppose the motion creates a presumption that Plaintiff does not controvert the facts set

out by the motions and has no evidence to offer in opposition to the motions. *See* E.D. TEX. L. R. CV-7(d).

## II.    <u>LEGAL STANDARD</u>

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotations omitted).

When considering a motion to dismiss, a court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III.   ANALYSIS

The Court has reviewed the dismissal arguments and, without any arguments to the contrary from Plaintiff, finds they are well-founded and supported by applicable authority. Both motions argue Plaintiff's Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The Court further notes that although Plaintiff has filed suit against multiple Defendants, some who have not been served, Plaintiff's causes of actions only refer to Defendants Ocwen and Nationstar. For the following reasons, the Court recommends Plaintiff's claims be dismissed against all Defendants.

### A.  COMMON LAW FRAUD

To prevail on a common law fraud claim, a plaintiff must plead: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Further, fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

To satisfy Rule 9(b), a plaintiff must allege with specificity "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they are fraudulent." *Plotkin v. IP Axcess, Inc.*, 407 F.3d 690, 696 (5th Cir.

4

2005). "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud[.]" *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Plaintiff generally alleges that Defendants Ocwen and Nationstar committed common law fraud in regards to loan modification agreements or other loss mitigation alternatives. *See* Dkt. 2 at 10-11. However, Plaintiff fails to explain what misrepresentation was made, who made the misrepresentation, when it was allegedly made, or why the representation was allegedly fraudulent. Such general allegations will not support a claim for fraud. *See Columbia/HCA Healthcare*, 125 F.3d at 903. Thus, Plaintiff fails to meet the heightened pleading standards required under Rule 9(b).

Plaintiff's fraud claim is further barred by the economic loss rule. Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Sw. Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Plaintiff's allegations of loss pursuant to the fraud claim are directly related to the Note and Deed of Trust. Therefore, Plaintiff's fraud claim is barred by the economic loss rule because Plaintiff cannot show that he has suffered any loss independent of the Note or the Deed of Trust. *See Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App.—Fort Worth 2006, pet. denied).

Finally, Plaintiff's claim for fraud is barred by the statute of frauds. A loan agreement for more than $50,000.00 is not enforceable unless the agreement is in writing. *See* TEX. BUS. & COM. CODE § 26.02(b). Similarly, a promise relating to the sale of real estate must be in writing. *See id*. An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid. *See Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 256 (5th Cir. 2013). Plaintiff has not alleged that there was a written agreement regarding loan modification or

delay of foreclosure. Therefore, the statute of frauds applies, and Plaintiff's claims for fraud should be dismissed against all Defendants.

## B.  BREACH OF CONTRACT AND FAILURE OF CONDITION PRECEDENT

To prevail on a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendants; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 46 (5th Cir. 2003); *see also Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Winston Acquisition Corp. v. Blue Valley Apartments, Inc.*, 436 S.W.3d 423, 429 (Tex. App.—Dallas 2014, no pet.). Plaintiff admits that he failed to perform his payment obligations as required under the mortgage. *See* Dkt. 2; *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940) (a party to a contract who is himself in default cannot maintain a suit for its breach). Because Plaintiff failed to perform his duties under the contract, Plaintiff is precluded from maintaining a breach of contract claim.

Plaintiff complains numerous times throughout his Complaint that he made payments during bankruptcy. *See* Dkt. 2 at 12. However, Plaintiff contradicts himself in his own pleadings; Plaintiff admits that after the discharge from the bankruptcy proceeding, he was still in default on his loan. *See id.* at 6-7. Further, the Chapter 13 Trustee filed a report as part of the conversion of Plaintiff's bankruptcy to a Chapter 7 proceeding indicating nothing was paid to any Defendants. *See* Dkt. 8-4; *see also Lone Star Fund V (U.S.)*, 594 F.3d at 387 (a court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint). Thus, this argument fails.

Plaintiff also argues that he has not received any notice of default or opportunity to cure since the filing of his bankruptcy case. *See* Dkt. 2 at 8-9. However, a lender holding a deed of trust

is not required to repeatedly provide notice of default and additional twenty (20) days to cure before pursuing foreclosure after a bankruptcy petition is dismissed. *See* TEX. PROP. CODE § 51.002; *Fitzgerald v. Harry*, 2003 WL 22147557, at *4 (Tex. App.—Fort Worth Sept. 18, 2003, no pet.) (citing 11 U.S.C. § 362; *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 31 (Tex. App.—Dallas 1992, no writ)). In order for Plaintiff to be entitled to a new notice of default and opportunity to cure before the Property was set for sale, he would need to have cured his default. Plaintiff admits he received notice before the bankruptcy proceeding and he has failed to allege that he ever cured the default; therefore, Defendants were not required to send additional notice after dismissal of the bankruptcy proceeding. *See id.* Thus, Plaintiff's argument fails and his claims for breach of contract and failure of condition precedent should be dismissed.

## C. VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT AND REGULATION X OF THE CODE OF FEDERAL REGULATIONS

Title 12 C.F.R. § 1024.41 ("Regulation X") specifies procedures and timing for reviewing loss mitigation applications, including requiring the servicer to notify the borrower in writing, within thirty (30) days of receipt of a complete loss mitigation application, which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying a complete loss mitigation application. *See, e.g.,* 12 C.F.R. § 1024.41(c), (d); *see also Obazee v. The Bank of N.Y. Mellon*, 2015 U.S. Dist. LEXIS 100642, at *6-7 (N.D. Tex. July 31, 2015). A borrower may enforce Section 1024.41 through Section 2605(f) of the Real Estate Settlement Procedures Act ("RESPA").

Plaintiff's allegations are vague in regards to Defendants' violations of RESPA. Plaintiff is unclear as to which Defendant a loan modification application was sent. *See* Dkt. 5 at 12-13. Plaintiff mentions both Defendants Ocwen and Nationstar, but is still not clear as to which

Defendant allegedly violated RESPA and how. *See id.* Plaintiff fails to state a claim upon which relief can be granted on this factor alone.

Moreover, Section 1024.41 provides that if a servicer receives a loss mitigation application forty-five (45) days or more before a foreclosure sale, the servicer shall review the application for completeness and notify borrowers of loss mitigation options that may be available to them. *See* 12 C.F.R. § 1024.41. However, Section 1024.41 "only appl[ies] to a borrower's first loss mitigation application." *Wentzell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 318 n.4 (5th Cir. 2015). Notwithstanding Plaintiff's other pleading defects, Plaintiff has not properly alleged that he is asserting a claim based upon his first loss mitigation application or when that application was allegedly sent to Ocwen or Nationstar.[1]  Instead, Plaintiff speaks of "numerous" non-specific applications and non-specific "foreclosure activities" without offering any details. Such allegations do not meet the Rule 12(b)(6) standard.

Plaintiff has also failed to provide any explanation as to how he suffered actual damages as a result of Defendants' alleged failure to comply with Section 1024.41. "[A] plaintiff must allege actual damages resulting from a violation of [Section] 2605." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010) (citing 12 U.S.C. § 2605(f)(1)(A)); *see Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012) (finding the plaintiff could not recover under Section 2605 because "even if [the Court] assume[d] that he did not receive the notice, he [did] not explain what actual damages he suffered"). Plaintiff states Defendants Ocwen and/or Nationstar committed numerous violations causing the Property to be posted for foreclosure sale with no further explanation of his alleged actual damages. *See* Dkt. 2 at 12-13. The Court does

---

[1] Additionally, neither Section 1024.41 nor Section 2605(f) are a "defense to foreclosure;" Plaintiff's sole remedy is a recovery of actual damages.

not see how the posting of the Property for foreclosure caused Plaintiff actual damages. Thus, Plaintiff's claims under RESPA and Regulation X should be dismissed.

### D.  VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

In order to state a claim under the Texas Debt Collection Act ("TDCA"), a plaintiff must show: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. TEX. FIN. CODE § 392.001, *et seq.* Plaintiff fails to allege a consumer debt, specific facts as to what conduct allegedly constituted such a violation, and specific facts as to any injury or causation. *See* Dkt. 2 at 13-14. Plaintiff merely asserts that Defendants failed to provide the required notices and posted the Property for foreclosure, and in doing so, Defendants misrepresented the character, amount, or extent of the debt. *See id.* Plaintiff has failed to meet the standards under Rule 12(b)(6).

The TDCA prohibits debt collectors from using threats, coercion, or wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986); *see also* TEX. FIN. CODE § 392.001, *et seq.* However, the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *See* TEX. FIN. CODE § 302.301(b)(3); *see also Birchler v. JPMorgan Chase Bank*, 2015 WL 1939438, at *5 (E.D. Tex. Apr. 29, 2015) ("When a creditor forecloses, it is not trying to obtain any funds directly from the debtor in satisfaction of the debt. Instead, foreclosure is an effort by the creditor to enforce its rights under the Deed of Trust in order to satisfy a debt upon which a debtor defaulted."). Thus, the TDCA would not prevent Defendants from exercising non-judicial foreclosure.

Further, statements regarding modification of the loan or postponement of foreclosure do not constitute debt collection under the TDCA. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (statements about loan-modification applications and the postponement of foreclosure do not concern the "character, extent, or amount of" the home loan, so they are not covered by Section 392.304(a)(8) because plaintiffs were aware they had a mortgage debt, of the specified amount they owed, and defaulted); *Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 70-71 (5th Cir. 2014). Plaintiff's allegations fall squarely into this category. Thus, Plaintiff's TDCA claim fails as a matter of law.

### E.  INJUNCTIVE RELIEF, EXEMPLARY DAMAGES, AND ATTORNEY'S FEES

To assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits." *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *7 (E.D. Tex. Mar. 24, 2011). Because Plaintiff has not asserted any viable claims in this lawsuit as a matter of law, Plaintiff has failed to show a substantial likelihood for success on the merits. Thus, Plaintiff is not entitled to injunctive relief.

Similarly, Plaintiff's request for exemplary damages is unavailable because Plaintiff has failed to state a claim for any cause of action. Traditionally, exemplary damages are available so long as there is a finding of actual damages, among other requirements. *See Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 660 (Tex. 2012). Plaintiff has failed to plead any actual damages; thus, exemplary damages are unavailable.

Finally, Plaintiff's request for attorney's fees is barred because Plaintiff has not pleaded any viable causes of action that would allow for recovery of attorney's fees. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Thus, Plaintiff's request for attorney's fee should be denied.

## IV.    <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the motions (Dkts. 8, 12) be **GRANTED**, and Plaintiff's claims should be **DISMISSED** against all Defendants.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of June, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE